IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| JONATHAN CLARKE,<br>Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:25CV738 (RCY) |
| 3M COMPANY, *et al.*,<br>Defendants. | ) | |

**MEMORANDUM OPINION**

This is a products liability action stemming from Plaintiff's injuries allegedly caused by his exposure to per- and polyfluoroalkyl substances ("PFAS") present in protective clothing designed for firefighters. Plaintiff alleges that Defendants manufactured, designed, sold, supplied, and distributed the PFAS-containing firefighter protective clothing and are subject to liability under the following causes of action: breach of warranty, negligence, and violations of the Virginia Consumer Protection Act. This matter is presently before the Court on Plaintiff's Motion to Remand in which Plaintiff argues that this matter was improperly removed to federal court in the absence of proper subject matter jurisdiction. The Motion to Remand has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Plaintiff's Motion to Remand finding that the Court lacks subject matter jurisdiction, and deny Plaintiff's request for fees and costs.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Plaintiff served as a firefighter for the City of Richmond since February 9, 2004. Am. Compl. ¶ 12. Plaintiff alleges that he was exposed to PFAS through his use of firefighter protective clothing (hereinafter "turnouts") that Defendants developed, manufactured, marketed, distributed,

released, and sold. *Id.* ¶¶ 8, 10–13, 39–51. Plaintiff alleges that his exposure to PFAS over the course of his twenty (20) years as a firefighter resulted in him developing Leukemia. *Id.* ¶ 10. Plaintiff asserts damages claims against the Defendants for breach of implied and express warranties, negligence, gross negligence, recklessness and willful and wanton misconduct, and violations of the Virginia Consumer Protection Act. *See generally id.*

On July 2, 2024, Plaintiff Jonathan Clarke filed a Complaint against several entities, including Defendant 3M Company ("Defendant" or "3M")[1] in the Circuit Court for the City of Richmond for injuries sustained from Plaintiff's exposure to PFAS present in firefighter turnouts. Not. Rem. 3, ECF No. 1. Plaintiff filed his Amended Complaint on March 24, 2025, and 3M was served with the Amended Complaint on June 26, 2025. *Id.* On September 12, 2025, Defendant 3M filed a Notice of Removal, asserting that this Court has jurisdiction over Plaintiff's claims pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

On October 13, 2025, Plaintiff filed a Motion to Remand, ECF No. 11, and Memorandum in Support, ECF No. 12, arguing that removal was improper because, *inter alia*, the Court does not have subject matter jurisdiction. On October 27, 2025, Defendant 3M filed its Response in Opposition, ECF No. 13. On November 3, 2025, Plaintiff filed his Reply to Defendant 3M's Response, ECF No. 15. Accordingly, the Motion to Remand is ripe for review.

## II. LEGAL STANDARD

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." When a party seeks to remove a matter from state court to federal court, it bears the burden of demonstrating that removal is proper and that the federal court has jurisdiction to hear the case.

[1] There are twenty-one (21) named Defendants in this matter, but the Court only discusses Defendant 3M as its removal is the subject of Plaintiff's Motion to Remand.

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to state court. 28 U.S.C. § 1447(c).

A notice of removal must be filed within thirty days after the receipt by the defendant of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). If the case is not initially removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

28 U.S.C. § 1442(a)(1) permits a complaint that is otherwise void of a federal question to reach federal court if the state law claims arise based on the actions of a federal officer. This section,

> commonly referred to as the "federal officer removal statute," authorizes the removal to federal court of any "civil action or criminal prosecution" commenced in a state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."

*Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (quoting 28 U.S.C. § 1442(a)(1)). To qualify for removal under the statute, "a private defendant must show: (1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority." *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 228 (4th Cir. 2022) (cleaned up).

"Although [d]efendants bear the burden of establishing jurisdiction as the party seeking removal, the federal officer removal statute must be liberally construed." *Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 250–51 (4th Cir. 2021) (cleaned up). Therefore, "the ordinary presumption against removal does not apply" and "when a plaintiff sues

a defendant that can plausibly invoke removal under [28 U.S.C.] § 1442(a)(1), he relinquishes his otherwise ubiquitous power to select a state forum instead of a federal one by writing his complaint a certain way." *Maryland v. 3M Co.*, 130 F.4th 380, 388 (4th Cir. 2025); *see Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (holding that "Congress has decided that federal officers . . . require the protection of a federal forum," and "[t]his policy should not be frustrated by a narrow, grudging interpretation of [28 U.S.C.] § 1442(a)(1)").

## III. DISCUSSION

Plaintiff argues that this matter must be remanded because (1) Defendant 3M's removal was untimely and (2) Defendant 3M improperly invoked federal subject matter jurisdiction under 28 U.S.C. § 1442(a)(1). Additionally, Plaintiff seeks payment of costs and expenses incurred in bringing his Motion to Remand. First, the Court will analyze the jurisdictional question related to whether Defendant 3M properly invoked removal and jurisdiction pursuant to the federal officer removal statute, finding that the Court is without jurisdiction and that remand is necessary. Last, the Court will discuss whether to award Plaintiff costs and expenses.

### A. Remand is Necessary Because the Court Does Not Have Subject Matter Jurisdiction

The Court will first address Plaintiff's arguments related to subject matter jurisdiction. Plaintiff argues that remand is necessary because Defendant 3M has not satisfied the requirements of 28 U.S.C. § 1442(a)(1) and that, consequently, the Court lacks subject matter jurisdiction. Mem. Supp. 18, ECF No. 12.

Defendant invoked the federal officer removal statute as the basis for the Court's jurisdiction since "one plausible source of at least some of Plaintiff's alleged PFAS exposure giving rise to his claims is PFAS [from products] manufactured for and sold to the U.S. military and others" by 3M "in accordance with the military's rigorous specifications [MilSpec]." Not.

Rem. 2, ECF No. 1. The federal office removal statute, 28 U.S.C. § 1442(a)(1), provides that any civil action commenced in state court may be removed to federal court if brought against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C.A. § 1442. The Fourth Circuit holds that this "congressional promise is broad and mandates a liberal construction." *W. Virginia ex rel. Hunt v. CaremarkPCS Health, L.L.C.*, 140 F.4th 188, 194 (4th Cir. 2025). "As the Supreme Court has recognized, the federal officer removal statute displaces 'the well-pleaded complaint rule' insofar as it 'allows suits against federal officers to be removed despite the nonfederal cast of the complaint.'" *Id.* (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006)).

Though broad interpretation and liberal construction are required, they are not limitlessly applied. "[I]n cases involving a private entity, the acting under relationship requires that there at least be some exertion of subjection, guidance, or control on the part of the federal government." *Id.* at 197 (quoting *Mayor & City Council of Balt. v. B.P. P.L.C.*, 31 F.4th 178, 228 (4th Cir. 2022)). To invoke this type of removal, a private party, like Defendant, must show: "(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority." *Id.* The Court addresses the third required element, first, because resolving Plaintiff's Motion to Remand turns on this element.

1. <u>Whether Defendant 3M Satisfies the Nexus Requirement</u>

"Sometimes called the federal 'nexus or connection requirement,' this element requires [the invoking party] to 'show it is being sued for an act or acts that it claims were done under—or related to acts done under—federal authority.'" *Id.* at 199 (quoting *Maryland v. 3M Company*,

130 F.4th 380, 389 (4th Cir. 2025)). While the Court credits 3M's theory of the case, the party seeking removal "does not satisfy the nexus element by alleging only that the 'plaintiff's entire civil action in a general sense is related to the defendant's federal work.'" *Maryland*, 130 F.4th at 389 (quoting *Anne Arundel Cnty. Md. v. BP P.L.C.*, 94 F.4th 343, 348 (4th Cir. 2024)).

Defendant 3M argues that it has satisfied the nexus requirement because "Plaintiff brought this suit against 3M seeking to recover for alleged personal injuries stemming from PFAS exposure," and "Plaintiff's PFAS exposure was caused at least in part by its manufacture of [aqueous film-forming foams "AFFF"] for the U.S. government." Resp. Opp'n 10, 11. Defendant argues that this is sufficient to meet the nexus requirement despite "Plaintiff's attempts to avoid removal by arguing that 'the charged conduct' against 3M is narrower" and only related to the creation and distribution of the turnout gear. *Id.* at 10. Defendant also argues that a Case Management Order ("CMO") in a multidistrict litigation case ("MDL") on PFAS exposure from AFFF produced for the military, in which the court requests transfer of all cases concerning PFAS exposure from AFFF, including firefighter turnouts, supports Defendant's position that removal is proper. Resp. Opp'n 1 (citing CMO 36, *In re: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, Civ. No. 2:18-mn-2873-RMG (D.S.C.)).

*a. The Nexus Requirement*

The Court finds Defendant's arguments are insufficient to establish the required nexus element. 3M was required to allege that, at the time of the charged conduct (here, the manufacture and distribution of firefighter turnout gear) 3M was operating under the direction of the federal government. 3M's argument that some other potential source of PFAS, unrelated to turnouts, that Plaintiff may have been exposed to that 3M produced for the military, is too tenuous. *See Moretz v. 3M Company*, 2026 WL 1196709, at *2 (E.D. Va. Mar. 17, 2026) (citing *Baltimore*, 31 F.4th at

234).[2] Plaintiff does not claim that 3M's liability is based on its general production or distribution of PFAS, or from sources in which military-AFFF and non-AFFF PFAS would be difficult to distinguish, but rather, Plaintiff specifically identifies that 3M's liability hinges on the production or distribution non-AFFF PFAS contained in firefighter turnouts.[3] This is not a distinction without a difference. While it is true that this Court must credit Defendant's theory of the case, such credit "does not alleviate the Court from analyzing whether there is 'a connection between the charged conduct and asserted official authority.'" *Id.* (quoting *Anne Arrundel*, 94 F.4th at 348).

As the court in *Moretz* explained, this case is distinguishable from *Maryland* where the plaintiff's claims regarding PFAS exposure from contaminated state waters resulted in 3M satisfying the nexus requirement because "the PFAS from 3M's non-AFFF products indistinguishably commingled with the PFAS from 3M's military AFFF." *Id.* (quoting *Maryland*, 130 F.4th at 386). Here, Plaintiff specifically alleges exposure related to non-AFFF PFAS contained in firefighter turnout gear, rather than in cases where the non-AFFF PFAS could reasonable be commingled with military-AFFF. Accordingly, Defendant has not established that its production of non-military PFAS for firefighter turnouts was related to or completed at the direction of the federal government.

---

[2] The Court references *Moretz* throughout this opinion and largely adopts the analysis and determinations made there as the issues are similar to those presented here.

[3] Plaintiff's "charged conduct" for purposes of determining whether removal was proper under 28 U.S.C. § 1442(a)(1) is as follows:

> Plaintiff Clarke brings this action for monetary damages and appropriate equitable and injunctive relief for harm resulting from exposure to per- and polyfluoroalkyl substances ("PFAS") that were manufactured, designed, sold, supplied, distributed and/or contained in protective clothing specifically designed for firefighters ("turnouts") manufactured, designed, sold supplied and/or distributed by each of the Defendants, individually or through their predecessors or subsidiaries.

Am. Compl. ¶ 2; s*ee also Moretz*, 2026 WL 1196709, at *4 (finding the charged conduct was related to "3M's alleged negligence and breach of express and implied warranties, specifically in its production and distribution of firefighter turnouts").

*b. The Multidistrict Litigation Case Management Order*

The Court disagrees with Defendant's argument that the CMO in the South Carolina MDL matter is persuasive. This Court is not bound by the MDL's requested transfer of all cases related to PFAS exposure from AFFF, including firefighter turnouts, and as the court in *Moretz* noted, "the judicial panel on multidistrict litigation has declined to transfer several similar cases to the MDL Court" based on "concern[s] about the manageability of [that] litigation," specifically declining transfer of cases that are not sufficiently similar. *Id.* at *7. Accordingly, the MDL court's decision to lump both military-AFFF and non-AFFF PFAS together does not alter this Court's decision.

Based on the above, the Court finds that Defendant 3M has not shown that its production of military-AFFF is sufficiently linked to conduct alleged in Plaintiff's Amended Complaint to justify removal pursuant to 28 U.S.C. § 1442(a)(1).

2. <u>Remaining Elements of Federal Removal Statute</u>

Having determined that Defendant 3M has not alleged the required third element to establish the propriety of its removal pursuant to the federal officer removal statute, the Court need not address the other required elements.

Additionally, having found that the Court is without jurisdiction based on Defendant 3M's improper removal under 28 U.S.C. § 1442(a)(1), the Court need not address Plaintiff's argument regarding the timeliness of Defendant's Notice of Removal. Accordingly, the Court will grant Plaintiff's Motion to Remand, finding that remand is necessary as this Court is without jurisdiction.

**B. The Court Will Not Award Plaintiff Costs and Expenses**

Finally, the Court will address Plaintiff's request for costs and expenses related to bringing the Motion to Remand.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Moretz*, 2026 WL 1196709, at *7 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)) (cleaned up). Conversely, a request for fees should be denied when there was an objectively reasonable basis for removal. *Id.*

The Court declines to award Plaintiff costs and expenses as this was not a situation in which there was no objectively reasonable basis for seeking removal. *See id.* (noting the complexity of the issues involved and that there was a reasonable basis for 3M to seek removal under the federal officer removal statute).

Accordingly, the Court will deny Plaintiff's request for costs and expenses.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's Motion to Remand finding that remand is necessary as this Court is without jurisdiction and deny Plaintiff's request for costs and expenses.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 23, 2026
Richmond, Virginia